UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SHONEY'S NORTH AMERICA, LLC, | ) |
| Plaintiff, | ) |
| | ) No. 3:12-cv-00625 |
| v. | ) |
| | ) Judge Sharp |
| SMITH & THAXTON, INC., *et al.*, | ) Magistrate Judge Knowles |
| Defendants. | ) |

## MEMORANDUM

Plaintiff, Shoney's North America, LLC, filed a *Motion for Award of Attorneys' Fees and Costs Against Defendants Smith & Thaxton, Inc. and Andre M. Smith* (Docket Entry No. 109), to which Defendants filed no response in opposition. The Court has reviewed all the papers filed in support of Plaintiff's motion. For the reasons discussed herein, Plaintiff's motion will be granted.

## I. RELEVANT PROCEDURAL HISTORY

This case was filed in June 2012, asserting claims against Smith & Thaxton, Inc. ("Smith & Thaxton") for breach of various provisions of the parties' franchise License Agreements, and against Ballard G. Thaxton ("Mr. Thaxton")[1] and Andre M. Smith ("Mr. Smith") – the former owners of two Shoney's® franchises in Virginia, for their breach of personal guaranty of Smith & Thaxton's obligations under the License Agreements. (Docket Entry No. 1). On May 2, 2014, the Clerk of the Court entered Default Judgment against Smith & Thaxton "pursuant to Federal Rule of Civil Procedure 55(b)(1) in the amount of $59,430.27, plus prejudgment interest in the amount of $168.20 and post-judgment interest at the statutory rate." (Docket Entry No. 93). Plaintiff filed a partial summary judgment on June 7, 2013 for its breach of contract claims

---
[1] The Court notes that Defendant has not requested attorneys' fees against Mr. Thaxton (or his estate).

1

against the individual Defendants, Mr. Thaxton and Mr. Smith (Docket Entry No. 41). On December 29, 2014, the Court granted Plaintiff's motion for summary judgment against the individual Defendants on Plaintiff's claims of breach of their guaranty agreements. The Court held Mr. Smith and Mr. Thaxton's estate (represented by his wife, Brenda K. Thaxton), jointly and severally liable on the default judgment previously entered against Smith & Thaxton. (Docket Entry No. 105).[2]

## II. ANALYSIS

Plaintiff moves this Court for an award of attorneys' fees and costs against Defendants Smith & Thaxton and Andre Smith pursuant to Section 18.F of Plaintiff's License Agreements[3] with Defendants and Rule 54(d) of the Federal Rules of Civil Procedure. (Docket Entry No. 109). The amount of attorneys' fees sought in Plaintiff's motion is $23,224.75. This amount is calculated by multiplying the number of hours worked on this case by James N. Bowen ("Bowen"), by the hourly rate of $325.00 per hour in calendar year 2012; $335.00 per hour in calendar year 2013; and $360.00 per hour in calendar year 2014 – and Stuart A. Burkhalter ("Burkhalter"), by the hourly rate of $195.00 per hour in calendar years 2012 and 2013; and $225.00 per hour in calendar year 2014.[4] (Docket Entry No. 110, Bowen Decl. at ¶¶ 5 and 8). Additionally, Plaintiff seeks costs incurred in the amount of $490.00. (*Id*. at ¶7).

---

[2] Since Plaintiff failed to address their federal claims for trademark and service mark violations in the summary judgment motion, the Court deemed those claims abandoned and dismissed them with prejudice.

[3] Pursuant to Section 18.F of Shoney's License Agreements with Smith & Thaxton:

> In any proceeding to enforce or interpret any provision of this Agreement, or appeal of that proceeding, the party prevailing in the proceeding will be entitled to reimbursement of its costs and expenses, including (without limitation) accounting and attorneys' fees.

(Docket Entry No. 1.2 at § 18.F; No. 1.3 at § 18.F).

[4] Billable time was also expended by paralegal DeDe Gibby ("DDGP") at a rate of $110.00 per hour.

"A reasonable fee is one that is adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers." *Dowling v. Litton Loan Serv.*, *LP*, 320 Fed. Appx. 442, 446 (6th Cir. 2009) (quoting, *Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004). A determination of reasonableness begins with the "lodestar" method of calculation, *i.e.*, determining a reasonable fee based on a reasonable hourly rate and reasonable number of hours of service. The United States Supreme Court described the lodestar method in *Hensley v. Eckerhart*, 461 U.S. 424, 433, 76 L.Ed.2d 40, 103 S.Ct. 1933 (1983), as follows:

> The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services. The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly.

A list of the factors to consider in establishing the lodestar fee and adjusting the fee was enunciated by the Fifth Circuit Court of Appeals in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). The Johnson factors have now become part of the settled law of lodestar analysis under both the United States Supreme Court and Sixth Circuit decisions. These factors include:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Hensley*, 461 U.S. at 430 n.4; *Blanchard v. Bergeron*, 489 U.S. 87, 92 n.5, 103 L.Ed.2d 67, 109 S.Ct. 939 (1989); *Reed v. Rhodes*, 179 F.3d 453 (6th Cir. 1999).

Based on a thorough review of the information and supporting documents before the Court, in conjunction with an analysis of the aforementioned lodestar factors, the Court finds that the hours expended and rates charged by Plaintiff's attorneys are reasonable, and expenses requested are recoverable.

### III. CONCLUSION

Accordingly, *Plaintiff's [Unopposed] Motion for Award of Attorneys' Fees and Costs Against Defendants Smith & Thaxton, Inc. and Andre M. Smith* (Docket Entry No. 109) is hereby GRANTED. Plaintiff shall be awarded $23,714.75 for reasonable attorneys' fees and costs in this matter.

An appropriate Order shall be entered.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE